UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| FERNANDO VALLEJO-LAMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action Number |
| v. ) | **5:10-cv-8053-AKK-MHH** |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION AND ORDER

Petitioner Fernando Vallejo-Lamas ("Petitioner"), a federal prisoner, seeks to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. Doc. 1. Petitioner was convicted in this court on September 14, 2010, pursuant to his plea of guilty to one count of unlawful re-entry after previously being deported in violation of 8 U.S.C. § 1326(a) and (b)(2). 5:10-cr-0262-AKK-PWG, doc. 12. On November 22, 2010, the court sentenced Petitioner to a term of imprisonment for eighty months with a credit for five months of time served, and supervised release for three years. 5:10-cr-0262-AKK-PWG, doc. 18 at 2. Petitioner did not file a direct appeal but, instead, alleges his conviction was obtained by a guilty plea unlawfully induced or not made voluntarily or with understanding of the

1

nature of the charge and the consequences of the plea and requests that the court "grant [him] relief to which he [] may be entitled in this proceeding." Doc. 1. For the reasons stated below, the court **DENIES** Petitioner's § 2255 motion.

## I. STANDARD OF REVIEW

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements mandating that the motion specify all grounds for relief and the facts supporting each contention raised. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings.

However, "courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States,* 365 F.3d 1225, 1232–33 (11th Cir. 2004) (citing *United States v. Frady,* 456 U.S. 152, 165 (1982)). Because collateral review is not a substitute for a direct appeal, the general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28

U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice. *Id.* (internal citations and quotation marks omitted).

## II.  ANALYSIS

Petitioner asserts that the court should set aside his sentence because his guilty plea was unlawfully induced and was not made voluntarily or with an understanding of the nature of the charges and consequences of his plea. Doc. 1 at 4. According to Petitioner, he "signed [his] plea with the understanding [he] would get the low end of the guideline range. [He] got sentenced outside the guideline range. [His] max was 77 months [and he] received 80." *Id*. at 6.  The Government disagrees and contends, first, that Petitioner's 2255 challenge is procedurally defaulted because he could have raised it on appeal, and, alternatively, that Petitioner's claim fails on the merits because it is factually incorrect. Specifically, the Government asserts that Petitioner's guideline range was 77-96 months and that "[n]either the government nor the district court promised [Petitioner] a lower sentence-he entered a blind plea.  Thus his sentence of 80 months had no impact on the validity of his plea." Doc. 6 at 2.

The court does not address the procedural default contention because

3

Petitioner's claim fails on the factual basis. Put differently, even construing Petitioner's pleading liberally and finding that Petitioner's claim is not procedurally defaulted, Petitioner's claim fails because the evidence demonstrates that Petitioner's counsel and the court advised Petitioner of his possible penalties if he pled guilty and nothing in the record supports Petitioner's assertion that he received any promises regarding a potential sentence. Specifically, the transcript from the plea hearing on September 14, 2010 shows that the court informed Petitioner of the potential penalty he faced: "If you plead guilty or if you're found guilty after a trial, you're looking at potentially a monetary fine of $250,000, a prison term of no more than 20 years, followed by supervised release or probation of no more than 3 years, an assessment fee of $100." *Id*. at 8. The transcript shows also that the court asked Petitioner if he and his lawyer had talked about the sentencing guidelines and if he "underst[ood] that [the court] will not be able to determine the guidelines sentence in your case until after the presentence report has been completed by the probation officer and you, your lawyer, and the Government's lawyer have had an opportunity to review it and to challenge any reported facts there that you believe are incorrect[.]" *Id*. at 9. Also, the court asked and Petitioner acknowledged that he understood "that the sentence [the court] ultimately [would] impose may be different from any estimate that your

lawyer may have given you?" *Id*. Finally, after asking Petitioner's counsel about the blind plea, the court reiterated to Petitioner, "as a potential sentence, I will not know what the actual sentence will be until after the probation officer has done the report. But from a maximum point of view, you're looking at a monetary fine of $250,000, a prison term of no more than 20 years, a supervised release term of 3 years, and an assessment fee of $100." *Id*. at 10. In short, based on the court's review of the plea colloquy, there is nothing in it that suggests that Petitioner was promised or had a reason to believe he had an agreement regarding a specific sentence. In fact, Petitioner informed the court that no one had "made any promises or assurances ... of any kind in an effort to induce [him] to plead guilty." Doc. 6-1 at 9-10.

    Likewise, the transcript of the sentencing undermines Petitioner's contentions. At the sentencing, having received no objections to the presentence report, the court calculated the guideline range at 77 to 96 months based on an offense level of 21 and a criminal history category of 6, with a term of supervised release from 2 to 3 years, and a monetary fine range from $7,500 to $75,000. Doc. 6-2 at 4. After making these calculations and relaying them to Petitioner, Petitioner requested the "minimum time," and his counsel requested "a sentence below the guideline range." *Id*. at 7. The Government, in turn, recommended a

5

sentence on the "low end of the guideline range." *Id*. at 8. Based on the facts before the court, the court found that a sentence of 80 months was not greater than necessary to comply with the statutory purposes of sentencing. *Id*. at 9. The court made this determination after considering the 18 U.S.C. § 3553(a) factors, including "the nature and circumstances of the offense; the history and characteristics of the Defendant...[finding that] Defendant has had multiple reentries, and more significantly, the Defendant was engaged in criminal conduct while he's been in the country." *Id*. Consequently, the court sentenced Petitioner to imprisonment for a term of 80 months, with credit for his five months in federal custody, supervised release for three years, and a special assessment fee of $100. *Id*. at 9.

 In sum, the record before this court shows that the court advised Petitioner that his maximum sentence could be no more than 20 years, that it could not complete his guideline range until <u>after</u> his plea of guilty, that it could go above or below the guidelines, and that the sentence it imposed may be different from any estimate his lawyer may have given him. *See* doc. 6-1 at 9. In other words, Petitioner could not have decided to plea based on any predicted or promised sentence under the sentencing guidelines. Therefore, the court concludes that Petitioner has failed to show sufficient facts to establish that his guilty plea was

6

unlawfully induced, not made voluntarily or with an understanding of the nature of the charges and consequences of his plea.  Accordingly, the court finds that Petitioner's sentence is not due to be set aside.

### III. CONCLUSION

Petitioner failed to allege facts that, if true, would constitute and entitle him to relief under § 2255.  Therefore, Petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**.

**DONE** this 30th day of April, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE